## Tristram Dalton *versus* The Woburn Agricultural and Mechanic Association.

If a creditor recovers one judgment on several notes, and a surety on one of the notes pays such note in full, and afterward the creditor receives from the judgment debtor either the balance or even the whole amount of the judgment, this does not entitle the surety to recover back any portion of the money paid by him.

The holder of a note signed by the promisor alone, and of another signed by the same promisor with a surety, may bring separate actions on the notes against the promisor, returnable at the same term of the court, and obtain of the promisor security or satisfaction in full, by attachment of property or otherwise, in the action on the former note, without affecting his claim on the surety for the entire amount of the other note.

Assumpsit for money had and received.

On a case stated it appeared, that in February 1832, Joseph Nutting was indebted to the defendants on six promissory notes, signed by him as principal with different sureties ; that the plaintiff had signed one of the notes as a surety ; that a

suit was commenced by the defendants against Nutting on the six notes, and his property was attached ; that judgment was recovered for the aggregate amount of the notes ; and that the execution issued thereon was partly satisfied by a sale of Nutting's effects.

It further appeared, that prior to the attachment by the defendants, several other creditors of Nutting had attached all his effects ; that on account of the nature and circumstances of the property attached, it being unfinished furniture, it was thought advisable to put the whole into the hands of an assignee, to be finished and disposed of by him ; that the property was thereupon assigned to John Edgell, it being agreed, that the claims sued should be paid according to the priority of the attachments, and all parties interested, except the sureties signed the agreement. The assignment contained a provision, that the attaching creditors might proceed to judgment, without prejudice to their rights under the assignment ; and that the present defendants might appropriate their dividend as they should think most advisable for their security. The assignee paid over to them their share of the proceeds of the property, and they applied it in payment of three of the notes, not including the one on which Dalton was a surety.

About the same time that the present defendants sued Nutting, they also brought an action against Dalton on the note signed by him, and before the assignee had made any payment to them, Dalton paid them the full amount of this note.

It also appeared, that in June 1832, Prescott Barrett was indebted to the defendants, on the four following notes : a note signed by Nutting as principal, and by Barrett and one Seeley, as sureties ; a note signed by Nutting and another as principals and by the plaintiff and Barrett, as sureties, being one of the six notes before referred to ; a note signed by Barrett, as principal, and the plaintiff and Nutting, as sureties ; and a note signed by Barrett, as principal, and by the plaintiff and others as sureties ; that an action was commenced by the defendants against Barrett alone, on the first of these notes, and entered and judgment recovered at the September term 1832, of the Court of Common Pleas ; that the defendants also brought an action on the three other notes against Barrett alone, which was

also entered at the same September term, and judgment recovered and execution issued thereon ; that the defendants collected from the effects of Barrett sufficient to satisfy the judgment in the first of these two actions, amounting to the sum of $48·92, and a small part only viz. $15·82, of the other judgment ; that the defendants obtained two bills of costs, which were in effect paid by the present plaintiff, (as he alleged,) he being compelled to pay the balance not paid by Nutting and Barrett.

*W. Richardson*, for the plaintiff.

*Buttrick*, for the defendants.

SHAW C. J. delivered the opinion of the Court.    This is assumpsit, brought to recover back money alleged to have been paid by the plaintiff by mistake.    But it appears to us, that the fact on which the plaintiff relies is not established. The plaintiff was surety for one Nutting on a note to the defendants.    They held six notes against Nutting and sued on them all, including the one on which the plaintiff was surety, in one writ, and took one judgment for the whole.    The commencement of the suit against the principal and the attachment of property, did not prevent the holders of the notes from suing the sureties at the same time, and proceeding with both, up to the point of actual satisfaction.    An actual payment by either principal or surety, is a bar to any further action against either, upon the plain principle, that a creditor can have but one full satisfaction of his debt, though he may have various securities, and different parties may be severally liable.    Now, if we understand the facts, at the time when the money was paid by the plaintiff, the association had received nothing of the assignee as the avails of the attached property.    Until the avails were realized, that property stood only as collateral security and did not prevent the association from demanding and receiving of Dalton, as surety, the whole amount of the note, then due.    This being rightfully paid at the time, cannot be recovered back.    If the association afterwards received, out of the attached property or otherwise, more than the balance due to them, it would not be to the use of the plaintiff ; it would be money paid by Nutting in his own wrong.

If indeed at the time of the settlement made by the plaintiff, the association had received a part satisfaction of their

*Jan. 19th,*
*1837,*
*at Boston.*

*March 13th,*
*1837,*
*at Boston.*

Dalton
v.
Woburn
&c.
Association.

judgment, founded on the six notes consolidated, such satisfac-
tion would have been a payment *pro tanto*, on the note on
which the plaintiff was surety, and then on the principle stated,
that the holder can have but one satisfaction, the plaintiff, as
surety, would have been liable only for the balance.

Upon the other point, we are of opinion, that the case is
entirely clear for the defendants.

It appears, that the association had four notes on which Bar-
rett was liable ; on three of these the plaintiff was liable, and
on one he was not.   The association brought a separate action
upon the latter, and one action upon the three former, against
Barrett, and took judgment in each action.   They applied the
proceeds of the attached property, to the full satisfaction of
the former judgment, and a small balance only to the latter.
The plaintiff insists, that the defendants should have included
the whole four notes in his suit against Barrett, and then the
satisfaction would have enured *pro tanto*, and operated to re-
duce in part, the note on which the plaintiff was liable.   Had
they so done, it is obvious that it would have enured to the
benefit of the plaintiff.   But they were under no obligation so
to do.   A creditor holding several notes against one, with
various sureties and indorsers, may commence several suits
on each, if he will.   Indeed, it is the only mode to avoid a
consolidation, which would often involve considerable confusion
of rights and liabilities.   The statute relied on, does not pro-
hibit several suits ; it goes no further than to provide that a
creditor shall have no more costs than if they were joined.
*St.* 1784, *c.* 28, § 12.   Even this was a provision made sole-
ly for the benefit of a defendant, and one which he may waive
if he will.   It does not affect the right to sue and recover
judgment.   Where there are several parties, collaterally liable,
the case seems not within the equity of the statute ; whether it
would be deemed within the letter, in a case where it should be
insisted upon by the defendant, is a distinct question, which it
is not necessary to consider.

As a general rule, we think it very clear, that one holding
several securities against another, on which there are distinct
sureties, more or less competent and able to pay, may obtain
security or satisfaction by attachment and judgment or other-

Dalton
v.
Woburn
&c
Association.

wise, of one in full, and retain his entire claim on the surety upon the other. Neither law nor equity requires that such payment shall be considered as made for the benefit of all the sureties, ratably. It is a very different case from that where the notes are in fact consolidated into one judgment, and the judgment is afterwards paid in part, and where the payment cannot be distinguished and applied to the separate notes.

This view of the case renders it unnecessary to consider the other point ; though we cannot perceive why it is not equally decisive. It appears, that the money now sought to be recovered back was paid voluntarily, under a full knowledge of all the facts and circumstances of the case. Every particular, which is now relied upon, was as fully obvious and apparent when the plaintiff made the payment as it is now. Any new views of the law, which the plaintiff has since taken, cannot warrant him in treating his voluntary payment, with a knowledge of all the facts, as a ground to recover the money back.

*Plaintiff nonsuit.*